UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

REGINALD WALTER DARLING,

     Petitioner,

v.                                      Case No. 1:15cv167/MP/CJK

STATE OF FLORIDA,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Petitioner is challenging his judgment of conviction for robbery with a deadly weapon entered in Alachua County Circuit Court Case No. 00-CF-3513 on May 4, 2001, and his judgment of conviction for three counts of robbery with a firearm and one count of possession of a firearm by a convicted felon entered in Alachua County Circuit Court Case No. 00-CF-3519 on August 14, 2001. (*Id*.). Petitioner challenges his convictions on grounds of newly discovered evidence, violation of equal protection, lack of jurisdiction, and lack of state corrective process. (*Id*.). Petitioner denies on the petition form that he previously filed a federal habeas petition challenging these judgments (*id*., p. 13), but he admits that he presently has pending another federal habeas petition challenging

these judgments (*id*., pp. 2, 13 (referencing *Darling v. Smith*, Case No. 1:15cv119/MP/CJK)).

The court takes judicial notice of its own records in *Darling v. Crosby*, Case No. 1:04cv63/MP/AK.  Petitioner initiated *Darling v. Crosby*, on June 1, 2004, by filing a § 2254 petition challenging, on speedy trial grounds, the same two criminal judgments at issue here.  (*See* Case No. 1:04cv63/MP/AK, Docs. 8, 17).  This court denied/dismissed the petition with prejudice as untimely on November 1, 2005. (*Id*., Docs. 23, 32).  On January 6, 2006, the United States Court of Appeals for the Eleventh Circuit dismissed petitioner's appeal for want of prosecution. (*Id*., Doc.40).

The court also takes judicial notice of its own records in *Darling v. Smith*, Case No. 1:15cv119/MP/CJK.  Petitioner initiated *Darling v. Smith*, on June 9, 2015, by filing a § 2254 petition challenging, on speedy trial grounds, his criminal judgment in Alachua County Case No. 00-CF-3513.  In response to a show cause order directing petitioner to establish that he received authorization from the Eleventh Circuit to file the second petition, petitioner essentially admitted he had not obtained the requisite authorization. (*See* Case No. 1:15cv119/MP/CJK, Doc. 6).  In a motion for stay, petitioner asserted that on August 4, 2015, he filed in the Eleventh Circuit an application for leave to file a second habeas corpus petition.  Petitioner requested a 30-day stay to enable him to obtain a ruling on the application. (*Id*.).  The undersigned issued a Report and Recommendation on August 18, 2015, recommending that the petition be dismissed for lack of jurisdiction as an unauthorized second or successive habeas corpus application. (*Id*., Doc. 7).

DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The instant petition is "a second or successive" habeas corpus application. It is apparent from the court's own records that petitioner has not obtained the Eleventh Circuit's authorization to file the petition. Petitioner's failure to receive the requisite authorization operates as a jurisdictional bar and requires dismissal of this case. *Burton v. Stewart*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed,

even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) be DISMISSED for lack of jurisdiction.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 18th day of August, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.